FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 04, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AUSTIN J. BUTLER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SGT. JOHN DOE STAFF,<br><br>　　　　　Defendant. | NO. 1:22-CV-3202-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion for Summary Judgment Dismissal. ECF No. 28. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Defendant's Motion (ECF No. 28) is GRANTED.

## BACKGROUND

This case arises from Plaintiff's fight with another inmate in the Yakima County Jail. Defendant was then housed in the Intensive Management Unit for 15-

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

dyas because of the fight. This was done for safety and security reasons. He did not lose any good conduct time or receive any other sanction or discipline for the fight.

## DISCUSSION

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier-of-fact] could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. A dispute concerning any such fact is "genuine" only where the evidence is such that the trier-of-fact could find in favor of the non-moving party. *Id.* "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

genuine issue for trial." *Id.* (internal quotation marks omitted); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968) (holding that a party is only entitled to proceed to trial if it presents sufficient, probative evidence supporting the claimed factual dispute, rather than resting on mere allegations). In ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007), and only evidence which would be admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

Section 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A complaint must set forth the specific facts upon which the plaintiff relies in claiming the liability of each defendant. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Even a liberal interpretation of a civil rights complaint may

not supply essential elements of a claim that the plaintiff failed to plead.  *Id*.  To establish liability pursuant to § 1983, Plaintiff must set forth facts demonstrating how each Defendant caused or personally participated in causing a deprivation of Plaintiff's protected rights.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff Butler admits to fighting with another inmate in his response to Defendant's Motion for Summary Judgment.  Plaintiff's housing assignment changed for a period of 15 days, as did the housing assignment of the other inmate involved in the mutual fight. This housing change was made to further the goals of safety and security of the Yakima County Department of Corrections.  Director Welch's response to Plaintiff's grievance makes it perfectly clear that the housing change was to focus on restoring the safety and security of the facility.

Moreover, Sergeant John Staff has qualified immunity for his actions.

Plaintiff's allegations against Sergeant John Staff are completely insufficient in stating a proper section 1983 claim.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment Dismissal, ECF No. 28, is **GRANTED**.

2. Plaintiff's allegations against Sergeant John Staff are **DISMISSED with prejudice.**

The District Court Executive is directed to enter this Order and Judgment for Defendant and furnish copies to the parties. The file is **CLOSED**.

**DATED** March 4, 2025.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 5